Butts *v.* Wood.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles*, Justices.]

---

ISAAC BUTTS *vs.* WILLIAM WOOD, DANIEL WOOD, JOHN CORNWALL and THE ROCHESTER AND WEBSTER PLANK ROAD COMPANY.

The relation between directors of a corporation and its stockholders, is that of trustee and *cestuis que trust*. And if the directors pay over the funds in their hands or in the treasury to an individual upon a pretended claim, which they know, or must be presumed to know, is wholly unfounded in law, it is a breach of trust on their part.

Where W., who was secretary and treasurer of a corporation, and also one of the directors, presented a claim to the board of directors for compensation

Butts *v.* Wood.

for his services as secretary, which claim was allowed, and ordered to be paid, by the vote of the three directors present, W. himself being one of them, his father another, and a relative the third; *Held* that the transaction challenged the most jealous and severe scrutiny, even if there was legal color for the claim. But that, there being in fact no legal claim, the court was in duty bound to pronounce the disposition of the funds of the company, thus made, fraudulent and void, as against the other stockholders.

*Held, also,* that a stockholder of the corporation could maintain an action in his own behalf and in behalf of the other stockholders, against the three directors constituting a majority of the board, by whom the resolution was passed, to set aside the transaction, as an abuse of trust, and for the repayment of the money.

APPEAL from a judgment entered upon the report of a referee. The action was brought, among other things, to set aside the action of the defendants, as directors of the Rochester and Webster Plank Road Company, in voting to to the defendant Daniel Wood compensation for services as secretary of the company. The plaintiff sued in behalf of himself and all other stockholders in the company who should come in and make themselves parties to the action. The complaint, among other things, alleged the incorporation of the company under and by virtue of the laws of this state, for the construction and maintenance of a plank road from the city of Rochester to and into the town of Webster, both in the county of Monroe, with a capital stock of $24,000, divided into shares of $100 each; that said corporation was created on or about the 26th day of December, 1849; that the road contemplated to be constructed by said corporation was shortly thereafter constructed, and ever since has been maintained. That the affairs of said corporation are administered by five directors or trustees, chosen by the stockholders annually, one of whom is chosen president and another secretary and treasurer of said corporation. That the defendant William Wood is now and has been one of the directors of said corporation from its original organization, except one year; that the defendant Daniel Wood became a director of said corporation on the 12th day of September, 1854, and ever since has been, and that said Daniel Wood became the

secretary and treasurer of said corporation on the 26th day of September, 1854, and ever since has been; that the defendant John Cornwall became a director of said corporation on the 28th day of December, 1858, and ever since has been. That the defendant William Wood, since the year 1855, has been the superintendent of said plank road company. That the salary of the secretary and treasurer, Isaac R. Elwood, Esq. was fixed at $50 per year, and one per cent upon the amount of moneys received by said treasurer, and that the same continued to be the compensation and salary of said secretary and treasurer, until altered as hereinafter stated. That the said Daniel Wood urged as a reason why he should be elected to the office of secretary and treasurer, that he could afford to, and would, discharge the duties of said office at a less rate of compensation than that theretofore paid, so that thereby there would be a saving to said corporation. That on the 17th day of December, 1855, a resolution was adopted by the directors of said corporation, that the secretary and treasurer be allowed as his compensation the sum of one per cent on the receipts of said corporation, and fifty cents per week; which said resolution was recorded, however, in the books of minutes of said corporation, by said Daniel Wood, then secretary, so that such allowance is made to the treasurer of said corporation; but that, nevertheless, the said Daniel Wood, who has held the office of secretary and treasurer during all the time since such resolution was adopted, has claimed and received from said corporation only in accordance with said resolution, as above stated, as his compensation, until and except as hereinafter stated. That the duties of secretary and treasurer during the time that said office has been held by said defendant Daniel Wood, are far less laborious than during the term that the said offices were held by said Elwood. That on the 5th day of July, 1857, at a special meeting of the trustees of said corporation, attended only by the said defendants Daniel Wood, William Wood and John Cornwall, the three directors aforesaid, voted to pay to said

defendant Daniel Wood, out of the funds of said corporation, the sum of $933.33, nominally as compensation for his services as secretary of said company; and that said defendant Daniel Wood claims to hold and retain the same out of the funds of said corporation. That said directors also, at the same meeting, adopted a resolution fixing the salary of the secretary and treasurer of said corporation at the sum of $300 per year. That the defendant Daniel Wood had not rendered any service to or for said corporation, as secretary and treasurer or otherwise, which entitled him to ask, demand or receive, or authorized or justified the said directors in voting the payment of the said sum of $933.33; but that such vote was contrary to the duties which the said directors owed to the stockholders of such corporation, and in fraud of their rights. That the sum of $300, so voted to be paid to said defendant Daniel Wood, is grossly disproportioned to the value of the services rendered by said defendant Wood as secretary and treasurer of said corporation; and that the same was voted by said directors in fraud of the rights of the stockholders of said corporation. That the defendant Daniel Wood concurred with the defendants William Wood and John Cornwall in both the votes aforesaid. That at the time when the duties of the superintendent of said plank road were the most onerous, the salary of said superintendent was fixed for a while at the sum of $480 per year, including horse hire; and that during a portion of the existence of said corporation, the salary of said superintendent has been fixed at as low a sum as $24 per month; that the duties of said superintendent are now very light, requiring but a very small portion of the time of said superintendent; but that notwithstanding this, the defendants William and Daniel Wood and John Cornwall, at the meeting last aforesaid, resolved that the salary of said William Wood should be $600 per year, from and after the first day of July, in the year 1859. That such sum is grossly disproportioned to the value of the services of said William Wood as superintendent, and greatly

beyond that paid or allowed by other plank road corporations for similar services, and that the vote fixing the salary of said superintendent was in fraud of the rights of the stockholders of said corporation, and wholly unwarranted. That such vote was adopted by the concurrence of the defendants Daniel and William Wood and John Cornwall. That said Daniel Wood has paid to said William his salary at the rate of $600 per year, since the time fixed in such resolution. That of the two hundred and forty shares of the capital stock of said corporation, the defendant William Wood owns sixty-two, the defendant Daniel Wood eighty-two, and that four shares stand upon the books of said corporation in the name of the defendant Cornwall; but that the transfer of said shares to Cornwall was either made or procured to be made by said defendants William or Daniel Wood, or both of them, in order that he might be a director in said corporation; that said William and Daniel are father and son, and said Cornwall a relative of said Woods, of some kind, and that they uniformly act in concert in the management of the affairs of said corporation. That by means of the actings and doings hereinbefore stated, the plaintiff and the other stockholders of said corporation have been deprived of gain which they ought to have received upon their stock, and that the value of the same has been injured and impaired, and that they have not been, and are not, able to procure any redress by the action of the directors of said corporation. The plaintiff alleged that he was the owner of sixty-eight shares of the capital stock of said corporation. The prayer was that the defendants William and Daniel Wood, and John Cornwall, might be removed from their respective offices as directors, secretary and treasurer and superintendent of said corporation; that they might be enjoined and restrained from further interfering with the management of the affairs of said corporation; that a receiver of such corporation might be appointed; that the defendants Woods, and each of them, might be required to account for all money or property of

said corporation, which had come to their or either of their hands, and pay over the same, or the value thereof, to such receiver, for the benefit of the stockholders of such corporation; that the votes or resolutions directing the payment of said sum of $933.33 to said Daniel Wood might be declared void, and said Daniel Wood adjudged to pay over the same to such receiver for the benefit of the stockholders; and that the votes or resolutions of the 5th of July, 1859, fixing the salary of said secretary and treasurer and said superintendent, might be declared void, and said Daniel and William Wood be adjudged to pay over all sums which they or either of them have received, under and by virtue of the same, to such receiver, for the benefit of such shareholders, or for such other, or further, or different relief, &c.

The defendants, by their answer, denied most of the material allegations of the complaint. The action was referred to T. R. Strong, Esq. as referee, who found the following facts in connection with those admitted or appearing by the pleadings: In January, 1851, a resolution was passed by the directors of said plank road company, fixing the salary of the secretary and treasurer at fifty dollars a year, and one per cent on all sums received by him. Isaac R. Elwood was then secretary and treasurer of said company, and continued to hold the offices until October, 1854, when the defendant Daniel Wood was elected to both offices, and he has held them ever since. On the 17th of December, 1855, a resolution was passed by the directors of said company that the treasurer thereof be allowed one per cent on receipts by him, and fifty cents a week, for his services. There was no express or implied agreement between the company and the said Daniel Wood that the latter should be paid for services as secretary merely, from December, 1855, to July 1859; but, on the contrary, it was understood by those parties, upon the passage of the resolution of December, 1855, and for a considerable time afterwards, that no compensation was to be allowed for services as secretary or treasurer, beyond what

Butts *v.* Wood.

was provided for in that resolution. Subsequently a claim of payment for services as secretary was made by Daniel Wood, but it is not proved that the company assented to or acted upon it until in July, 1859. On the 5th of July, 1859, at an adjourned meeting of the directors, Daniel Wood presented in writing a claim of $933.33 for services as secretary of said company from 10th October, 1854, to 1st July, 1859, at $200 a year, which was audited and allowed by the directors then present, and on the next day was paid to Daniel Wood. Only three of the five directors were present at that meeting, to wit, Daniel Wood, William Wood and John Cornwall, and these three directors audited and allowed the said claim. The company at that time was not indebted to the defendant Daniel Wood for services theretofore rendered as secretary.

The referee found the following conclusions of law:

1st. That the auditing, allowing and paying the aforesaid claim of Daniel Wood of $933.33, for past services as secretary, was without authority on the part of the defendants Daniel Wood, William Wood and John Cornwall, contrary to their duty, and a breach of trust by them as directors, entitling the plaintiff to relief in this action.

2d. That the plaintiff is entitled to a judgment that the action of the directors of the 5th of July, 1859, allowing to Daniel Wood $933.33 for past services, be declared void; that the payment to him of that amount, under that resolution, be pronounced unauthorized and illegal; that the defendants Daniel Wood, William Wood and John Cornwall be directed to pay to the said company, for the benefit of and distribution among the stockholders thereof, the said sum of $933.33, so paid to the said Daniel Wood, with interest thereon from the 6th day of July, 1859, and that those defendants also pay to the plaintiff his costs of this action. Judgment was ordered accordingly. In case the said sum of $933.33, with interest as aforesaid, should not be paid to the company within thirty days after notice of the entry of

the judgment, the plaintiff to have leave to apply to the court for further directions and relief in respect thereto.

From the judgment entered upon this report the defendants appealed.

*D. Wood,* for the appellants.

*W. F. Cogswell,* for the respondent.

*By the Court,* JOHNSON, J.  Upon a careful examination, of all the evidence in the case, I am satisfied that the finding of the referee " that it was understood by the parties upon the passage of the resolution of December 1855, and for a considerable time afterwards, that no compensation was to be allowed, for services as secretary and treasurer, beyond what was provided for in the resolution," is not without sufficient evidence in the case to sustain it.  It follows, of course, from this, and the other facts found by the referee, that the company, at the time the resolution of the three directors was adopted, to pay the defendant Daniel Wood the sum of $933.33, for the pretended service, was not indebted to him for such service.  The question then arises, whether the matter can now be inquired into and an action maintained to redress a wrong of this description.  The claim was presented at a regular meeting of the board of directors, at which a quorum was present, duly authorized to do any lawful act and to bind the company thereby, if within the scope of the powers of the board of directors.  The claim thus presented was allowed, and paid, and it is claimed on the part of the defendants that that is a final end of the matter, and that the courts cannot now inquire into it, to correct it.  This depends upon the question whether the transaction was in its character fraudulent, and in the nature of a breach of trust. If it was, the court has ample power to investigate the transaction, through all its bearings and relations, and redress the wrong.  The relation in which these defendants stood, to the

Butts v. Wood.

other stockholders, was that of trustees of the funds then in their hands, or in their treasury. And if they paid over these funds to a person upon a pretended claim, which they knew, or must be presumed to know, was wholly unfounded in law, it was clearly a breach of trust on their part. The relation between directors of a corporation, and its stockhold-ers, is that of trustee and *cestuis que trust.* In this case, the defendants being directors, constituting a majority of the board, and necessary parties, it is just the case where the ac-tion may be maintained by a stockholder, in his own behalf, and in behalf of the other stockholders. (*Ang. & Ames on Corp.* 304, 305, 3d ed. *Robinson* v. *Smith,* 3 *Paige,* 222. *Scott* v. *Depeyster,* 1 *Edw. Ch.* 513. *Cumberland Coal Co.* v. *Sherman,* 30 *Barb.* 553. *Cross* v. *Sackett,* 16 *How. Pr. Rep.* 63.)

All the cases show that directors are not liable in such ac-tions, unless bad faith can be imputed. This case, in prin-ciple, is quite analogous to that of a trustee selling trust property and becoming himself the purchaser in his individ-ual right, which the law will adjudge fraudulent. Wayne, J., in *Mechond* v. *Girod,* (4 *How. U. S. R.* 553,) says, " the rule of equity is, in every code of jurisprudence, with which we are acquainted, that a purchase by a trustee, or agent, of the particular property of which he has the sale, or in which he represents another, whether he has an interest in it or not, *per interpositam personam,* carries fraud on the face of it." He further says : " The general rule stands upon the great moral obligation to refrain from placing ourselves in relations which ordinarily excite a conflict between self-interest and integrity." The law recognizing the necessary presence of self-interest in the mind, and its general tendency, and the possibility of its preponderance, cannot allow the transaction to stand, but will set it aside without any other or further evidence of fraud. It provides against the danger in any case, by a general prohibition. It is upon this principle that the law excludes judges and jurors from sitting in cases in

which they are parties, or have any interest, or stand in cer-
tain relations to either of the parties. It takes away juris-
diction from the judge in all such cases, and annuls his
judgments. In one aspect, this case corresponds to that of
a judge, or jury, sitting in his own case. The claimant was
one of the directors, and without his vote in the board the
claim could not have been allowed and settled. Another of
the defendants was his father, and the other a relative. The
transaction challenges the most jealous and severe scrutiny,
even if there was legal color for the claim. But as there was
in fact no legal claim, the court is in duty bound to pro-
nounce this disposition of the funds of the company, thus
made, fraudulent and void, as against the other stockholders.
It is a clear abuse of trust, and should not be allowed to
stand.

I am unable to perceive any valid objection to the judg-
ment, in form or substance. It declares the action of the
board fixing the compensation for the alleged services void,
and the payment of the sum so fixed unauthorized and ille-
gal, and decrees its repayment to the company for the bene-
fit of, and distribution among, the stockholders thereof.

It does not decree distribution absolutely, but only declares
the general purpose for which the repayment is to be made.
Leave is therein given to apply to the court for further di-
rections in that respect.

On the whole, I think there is no error, and that the judg-
ment must be affirmed.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, Welles* and *J. C.
Smith,* Justices.]