Johnson, J.
The plain object ana purpose of the action is, to have this court, first, take the place and perform the duties of the board of directors of the defendant, in making a dividend out of the gross earnings of the defendant, in its business, amongst the several stockholders, and then decree payment of such dividend to each respectively. The demurrer admits all the material facts stated in the complaint to be true, and the only question is, whether, upon the facts thus stated and admitted, any cause of action, in favor of the plaintiff against the defendant, is made to appear.
I am very clearly of the opinion that no cause of action is stated in the complaint against the defendant, and that no such action can be maintained by a corporator against the corporation of which he is an integral part.
1. The complaint does not show any legal title to the fund in question, or any part thereof, either in the plaintiff or in any or all the stockholders together, nor any equitable claim thereto. The property of every cor *110 poration, including all its earnings and profits, belongs, primarily, to such corporation exclusively, and not to its stockholders individually or collectively. They have a certain claim, it is true, but them claims are always subordinate to the claims of creditors, and the latter approach much nearer to the condition of ownership than the former. No stockholder can entitle himself to any dividend or to any portion of the capital stock until all the debts are paid (Story Eq. Jur., § 2152 ; City of Utica v. Churchill, 33 N. Y., 161, see opinion of Denio, Ch. J., pp. 237, 238; People v. Commissioners of Taxes, 35 Id., 441; Queen v. Arnand, 9 Ad. & E. N. S., 806).
The complaint shows upon its face that the funds on hand, which the plaintiff asks to have divided, and distributed among the several stockholders, are only about half sufficient to pay the indebtedness of the defendant. It is of no sort of consequence, is. a legal point of view, that the debt is not yet due, and has a number of years to run before it matures. The creditors still have the better right to the funds, which the defendant holds for them in trust. The court cannot undertake to say judicially that the future business of the corporation will be prosperous ; nor has it any right to postpone the rights and claims of creditors to future earnings and accumulations, even if it could be certain they would accrue.
The board of directors, in their discretion, and in view of all the facts within their knowledge, might do this; but no court, I apprehend, would ever undertake to deal in such a manner with the funds of a corporation which was indebted to an amount at least double the fund sought to be distributed. It is enough, however, to defeat the action, that no title to the fund is shown in the plaintiff or in those for whom he prosecutes.
2. Ho breach of any obligation, on the part of the defendants, to the stockholders, or any of them, nor any omission of duty, is alleged in the complaint.
The corporation does not stand in any fiduciary relation to its stockholders. Such a relation between the corporation and its corporators, is shown, in a well-reasoned *111 opinion by Vice-Chancellor McCoun, in Verplanck v. Mercantile Ins. Co. (1 Edw., 87), to be impossible (Ang. & A. on Corp., 306). The stockholders are in no sense creditors of the corporation, nor are they in the situation of partners. They are constituent parts of the corporate body. In a general”sense, a corporation may be regarded as the trustee of its creditors, but not of its stockholders. The action has, therefore, no foundation of a trust to support it.
3. The directors stand in the relation of trustees to the stockholders, and between them exists the relation of trustee and cestui que trust (Ang. & A. on Corp., 3 ed., 304, 305; Butts x. Wood, 38 Barb., 181). It is the sole and exclusive duty of the board of directors to declare dividends amongst the stockholders whenever, in their judgment, the condition of the affairs of the corporation renders it expedient, and just to all concerned. And with the exercise of this duty in good faith, courts will never interfere, unless to prevent injustice (Luling v. Atlantic Ins. Co., 45 Barb., 510.
The corporation can make no dividend ; and the directors, whose duty it is to make it, if any ought to be made, are not parties to the action. It is not even alleged that they have refused to make one, and, as before remarked, it is not shown by the complaint that one ought in justice to be made. The action is sought to be maintained, upon the fact alleged, that the stockholders have elected two boards of directors, each of which claims to be the legal representative of the corporate body, and that the two boards are engaged in a litigation for the purpose of determining which is the legitimate representative and which the pretender. Of course but one of these claimants is entitled to the management of the corporate affairs. And the presumption, I think, is, that one of these bodies is the legal one, so that the corporation is not destitute of the necessary officers and agents to manage and control its affairs. These conflicting claimants as appears from the complaint, are now engaged in litigation, before the proper tribunal, where the validity of their respective claims will *112 "be in due time determined. But this contest does not in my judgment give the court any authority or furnish any ground for it to step in, in the meantime, and take charge of the affairs of the corporation and perform the duties of its existing legal board of directors. I am sure no action of this kind, for such a cause, has ever before been brought and maintained, and I should hesitate long before establishing such a precedent, at once so dangerous to the well-being, if not the very existence of corporations, and so intolerably burdensome and vexatious to the courts.
The stockholders have voluntarily involved themselves in the dilemma of two boards of directors, each claiming control, and they must now wait until this grievance is redressed, and the right declared, through the only channel known to the law. This course the conflicting claimants are now pursuing. But there is; in truth, no interregnum ; and the stockholders have no right, merely because they have voluntarily placed themselves in this situation, to require the court to step in and take the place of a board of directors, during the warfare between these rival claimants.
The facts alleged, do not, as I conceive, bring the case as between these parties within any recognized head of equity.
The demurrer is therefore sustained, and judgment ordered for the defendant.