## STEBBINS against GRANT.

This Court will not stay proceedings in a suit, until the costs of a suit in the Court of Chancery, between the same parties, concerning the same matter, in which the plaintiff's bill was dismissed with costs, were first paid.

OAKLEY, for the defendant, moved to stay all the proceedings in this cause, on the part of the plaintiff, until the costs of the suit in the Court of Chancery had been paid. It appeared, from the affidavit read, that in September, 1818, the plaintiff filed a bill in the Court of Chancery against the defendant and Benjamin Sherman, for the purpose of having a decree for the allowance of a set-off on a bond executed by the plaintiff and his two brothers to the defendant, and by him assigned to Sherman. The set-off consisted of a demand for a large quantity of pork, hams, &c. alleged to have been sold by Stebbins to Grant in the spring of 1815. The Chancellor dismissed the bill with costs, on the ground, among others, that a general settlement had taken place between Grant and Stebbins of their partnership transactions, in which the pork, lard, &c. sought to be set off, had been included. Stebbins appealed; and the Court of Errors, at its last session, affirmed the decree, with costs, including one hundred dollars extra costs, adjudged by that Court, and also the costs in the Court of Chancery, taxed in April last, at 475 dollars, which had not been paid, Stebbins being insolvent. Since the decision of the Court of Errors, Stebbins brought the present action in this Court, to recover for a quantity of pork, hams, &c. which was alleged in the affidavit to be the same pork, hams, &c. which had been the subject of litigation in the suit in the Court of Chancery.

*Oakley* cited 2 *Bl. Rep.* 741.   3 *Wils.* 149.   1 *Salk.* 255.
2 *Term Rep.* 223. 511.   3 *Bos. and Pul.* 22.   6 *Term Rep.*
740.   8 *Term Rep.* 645.   4 *East,* 585.   1 *Johns. Cases,*
247.   3 *Caines,* 171.   1 *Dunlap's Prac.* 337.

*J. Tallmadge, contra.* He cited *Leonard* v. *Freeman,*
3 *Caines' Rep.* 171.

*Per Curiam.* We never have gone so far, as to stay pro-
ceedings in a cause in this Court, because the plaintiff had
been nonsuited in another Court, and had not paid the costs.
Though we might, perhaps, be inclined to adopt the rule of
the *English* Courts, in regard to Courts of law, we certainly
cannot, as regards the Court of Chancery, which has its
own peculiar rules, and is not governed by the statute rela-
tive to costs.

Motion denied.