1838.

Kerr<br>v.<br>Davis.

---

### KERR vs. DAVIS and M'CLURE.

The court of chancery will stay the proceedings in a suit, until the costs of a former suit by the complainant in that court for the same matter have been paid. But the proceedings in a suit in chancery will not be stayed, in an ordinary case, although the costs of a former suit for the same matter brought by the complainant in a court of law have not been paid.

Where the complainant who is insolvent has brought a suit at law and failed therein, if he afterwards brings a suit against the defendant in this court for the mere purpose of harrassing him, the court will not permit him to proceed therein until he has paid the costs of the former suit, or has given security to the defendant for the costs which may be awarded to him in the suit in chancery.

1838.

Kerr
v.
Davis.

January 22.

THIS was an application to stay the proceedings on the part of the complainant, until the costs of a former suit brought by him for the same matter, in the supreme court, should be paid. The petition, on the part of the defendant Davis, alleged that this bill was filed for the same matters which were in issue in the supreme court; that an execution for the costs of that suit had been issued, but the same could not be collected by reason of the plaintiff's insolvency; and that this suit was instituted without any expectation of success by the complainant, for the sole purpose of vexing and harrassing the defendant, and to put him to costs; the complainant relying upon his own insolvency to exempt himself from the payment of such costs.

*E. D. Smith,* for the defendant Davis.

*E. Sandford,* for the complainant.

THE CHANCELLOR. Where the complainant has commenced a former suit in this court for the same cause and has failed, his proceedings in the second suit will be stayed until the costs of the first are paid. (*Spires* v. *Sewell,* 5 *Sim. Rep.* 193.) The existence of such a principle in this state is recognized in the provision of the revised statutes, which exempts paupers from the operation of the rule. (2 R. S. 445, § 4.) In that case the legislature has made provision for the protection of the defendant against suits merely vexatious, by requiring the pauper to show to the court in the first place, that he has a meritorious cause of action or suit. The principle of staying the proceedings in a suit until the costs of a former suit for the same matter are paid, has never been extended so far, however, as to stay proceedings where the first suit was in a court of law and the last is in a court of equity. (*Demarest* v. *Wynkoop,* 2 *John. Ch. Rep.* 461. *Stebbins* v. *Grant,* 19 *John. Rep.* 196.) The present case, therefore, does not come within the operation of the principle, as the first suit by this complainant was in a court of law.

1838.

Kerr
v.
Davis.

There is another ground, however, on which this court is authorized to interfere in this case for the protection of the petitioner. No court should allow its process or proceedings to be perverted for the purposes of injustice and oppression. Here it is sworn by the petitioner, and not attempted to be denied by the complainant, that this second suit is brought in bad faith, without any reasonable hope or expectation of success, and for the sole purpose of vexing, harrassing and annoying the petitioner ; the complainant by reason of his insolvency, being exempt from the usual penalty in such cases, the payment of the costs of the defence. As this allegation of the petitioner must be taken as true upon the papers before me on this application, I think it my duty to interfere, so far at least as to stay this vexatious and unjustifiable proceeding until the costs of the suit in the supreme court are paid. An order must therefore be entered staying all proceedings on the part of the complainant, as against Davis the petitioner, until the complainant shall have paid the costs in the suit at law, and $12 as a gross sum for the costs of this application ; or until he shall have filed with the register a bond in the penalty of $250, with two sufficient sureties to be approved of by a master, conditioned to pay the petitioner such costs as may be awarded to the latter in this suit. And the petitioner is to have forty days after payment of such costs, or notice of the filing of such bond, to put in his answer to the complainant's bill. If such costs are not paid, or security filed and notice thereof given, within sixty days after service of a copy of the order on the complainant or his solicitor, the bill as to the defendant Davis, is to be dismissed with costs.