NEW-YORK SPECIAL TERM, November, 1847.    *Edwards,*
Justice.

## KEELER *vs.* KING.

Although a party has a right, as a general rule, to bring a suit upon a prior judgment, still the supreme court has such a control over its own process that it ought not to permit it to be perverted, or used for any improper purposes.

Where a person who has recovered a judgment, brings successive suits thereon, in different courts, without issuing any execution, and he admits that such suits were brought for the purpose of coercing payment of his debt by accumulating costs, the court in which the last suit is brought will grant a perpetual stay of proceedings in all the suits in that court except the first.

A plaintiff will not be allowed to make use of the costs in the suit by way of penalty, in order to compel the defendant to pay his debt.

It appeared by the affidavits submitted to the court, that in the month of May, 1846, the plaintiff in the above suit recovered a judgment in the superior court of the city of New-York for $206,87. That shortly afterwards, he brought a suit on that judgment in the court of common pleas for the city of New-York, and recovered a second judgment. That he then brought another suit on the same judgment, in the same court, and recovered a third judgment. That he afterwards brought a suit on the third judgment in the supreme court, and on the 9th of October, 1846, recovered another judgment; and that he afterwards brought four successive suits in the supreme court, each founded on the previous judgment; and that he has recovered judgments in all of them. The last judgment amounted to $420,75. The attorney for the plaintiff, in his affidavit, set forth a letter, written by him to the defendant, in which he stated that it was his intention to continue suing until the defendant should pay the debt. The attorney also stated that all the suits had been brought by the authority of the plaintiff; and that they had been brought for the purpose of enforcing payment of the debt, and not for the purpose of making costs.

*H. Ketchum,* for the defendant, moved for a perpetual stay of proceedings upon all the judgments recovered in this court, except the first.

---

Keeler *v.* King.

---

*S. W. Niles,* contra, cited 9 *Cowen,* 26 ; 1 *Hill,* 645 ; 20 *John.* 342.

EDWARDS, J.  The right to sue upon a judgment, before issuing execution, has, undoubtedly, been recognized by this court.  And, as the law formerly stood, there were cases in which a suit in this court, upon a judgment of a court of limited jurisdiction, was necessary for the purpose of obtaining a more extended lien.  There may also be cases in which a suit upon a prior judgment in this court would be proper, in order to protect the rights of the plaintiff.  But no such reason exists in the cases before us.  On the contrary, the plaintiff's attorney admits in his affidavit, that the successive suits were brought for the purpose of coercing payment of the plaintiff's debt, by accumulating costs.

Without denying the right of the plaintiff, as a general rule, to bring a suit upon a prior judgment, still, this court has such a control over its own process, that it ought not to permit it to be perverted, or used for any improper purpose.  It, certainly, never could, with any regard to its own dignity, allow its proceedings to be prostituted to the mere purpose of increasing the costs of the attorney.  It is true that, in these cases, the attorney disclaims any intention of accumulating costs for his own personal advantage ; but he avows that his object is to use the costs by way of penalty, in order to compel the defendant to pay his debt.  Even in this point of view, I consider the plaintiff's proceedings unwarranted.  This court refuses to enforce a penalty ; although it is agreed upon by the parties : and, even in the case where a sum is fixed upon as liquidated damages, if it appears, in fact, to be a penalty, the court will not enforce its payment.  If it will not enforce a penalty which has been agreed upon by the parties, it, certainly, ought not to sanction one of so odious a character as that which the plaintiff has endeavored to enforce in the suits in question.

An order must be entered for a perpetual stay of proceedings in all the suits in this court, except the first, and that the plaintiff pay to the defendant $10 costs of this motion.