## DAVIS *a.* DUFFIE.

*New York Superior Court; Special Term, October,* 1856.

STAY OF PROCEEDINGS.—COSTS OF FORMER SUIT.

Where plaintiff had formerly brought an action for legal relief, and his complaint was dismissed with costs but without prejudice to an action for equitable relief, and plaintiff, without having paid the costs of the former action now sued for equitable relief;—*Held,* that the court would not stay his proceedings until the costs of the former suit were paid.

The rule of the former practice in respect to such cases.

Motion for a stay of proceedings.

This action was brought by Davis and Riley against Duffie, Conklin, Van Buren and others; the suit being in the nature of a bill in equity to redeem mortgaged premises.

The facts upon which the motion was grounded were these. Some years ago Davis, being then the owner of real estate, mortgaged it to Duffie. Davis was afterwards convicted of an offence punishable by imprisonment in the State prison, and was imprisoned accordingly. While he was in prison Duffie foreclosed the mortgage. No trustee of Davis' property was appointed; and the subpœna to appear and answer was served upon him while in prison, as appeared from the record of the foreclosure proceedings.

Duffie bought in all the mortgaged property at the foreclosure sale, and subsequently, by deed of bargain and sale, conveyed parcels of the property to the defendants in the suit, respectively.

Davis then brought separate actions against the several grantees of Duffie, claiming to recover the possession of the parcels held by them. Those actions were tried together; and the complaint, in each, was dismissed with costs, but without prejudice to the plaintiff's right to bring a new action for equitable relief.

Davis, with Riley, who was his grantee of a part of the

premises in question, then brought this suit against Duffie and all of his grantees, as defendants, to redeem the premises.

Each of the defendants now moved for an order that all proceedings in this action be stayed until his costs of the former suit were paid. The moving papers stated that Davis was insolvent.

Bosworth, J.—The complaint was dismissed in the former actions, on the ground that an action of ejectment would not lie on such a state of facts, and not on the ground that the plaintiff was not entitled to any relief. This court had decided at general term, that the foreclosure proceedings were a nullity, the action being commenced against a mortgagor, whose civil rights were suspended, and who was incompetent to appear in it. If that decision was correct, Davis has a strict right to redeem the mortgaged premises.

It is true this action and the former ones are in the same court. Under the former system, the former actions could have been brought only in a court of law, and the present one only in a court of equity. If the same rules be applied now as were applied under that system, these motions should not be granted. The practice in this State seems to have been this. A court of equity would not stay the proceedings in a suit brought in it, until the costs of a previous action at law, in which the plaintiff was defeated, were paid, unless the second suit appeared to be vexatious. A court of law was governed by the same rule as to staying proceedings until the costs of a former suit in chancery were paid. Unless the two suits had been in the same court, or in courts of the same nature, and proceeding on the same principle and in the same mode, the second action would not be staid until the costs of the former one were paid. (2 *Johns. Ch. R.*, 461; 19 *Johns.*, 196; 7 *Paige*, 53). Perkins *v.* Hinman, (19 *Johns.*, 237), was a case in which both actions were in courts of law, although not in the same court.

The judgments in the former actions did not determine that Davis had no merits, but that in an action stating facts entitling him to legal relief only, and in which all the parties interested in the controversy were not before the court, he

could not obtain the equitable relief to which he would have been entitled, on the facts as they then appeared, if all the parties in interest had been before the court, and the complaint had stated the facts which the evidence disclosed. This suit is not vexatious, but on the contrary, assuming the foreclosure proceedings to be void, Davis has a strict right to equitable relief. A court of chancery would not have granted this motion, if the former system was yet continuing, unless it should depart from the decisions of Chancellors Kent and Walworth. I see no difficulty in these defendants having provision made for paying the costs of the former actions, by the decree to be entered in this, if the plaintiff succeeds. Besides, it is not alleged that Riley is irresponsible, and he is liable as Davis for the costs of this action.

The motion is denied, without costs to either party.