## SUPREME COURT.

THE ERIE RAILWAY COMPANY and JAMES FISK, JR., agt. MARSHALL B. CHAMPLAIN and others.

On an application for an order appointing a referee to take an *affidavit* or *deposition* of a person who refuses to make the same, to be used on a motion (*Code*, § 401, *sub.* 7), no *notice* is required to be given to the adverse party to the action of such application; and such party has not the right to appear before the referee to cross-examine the person making the deposition.

Neither can the adverse party make a motion to set aside or vacate the order made on such application; the person whose deposition is desired is the only one who can make such a motion.

*Otsego Special Term, April,* 1868.

MOTION by defendants to set aside an order dated the 28th day of March, 1868, appointing Amasa A. Redfield, Esq., referee to take the depositions of Cornelius Vanderbilt and others, to be used upon a motion in this action to suspend Frank Work from his office as director of the Erie Railway Company. The order was granted pursuant to subdivision 7 of section 401 of the Code, upon affidavits that Vanderbilt and the others named in the order had refused to make affidavits.

LEWIS SEYMOUR, *for plaintiffs.*
SAMUEL EDICK, *for defendants.*

BALCOM, J. The plaintiffs' counsel raises the question that the defendants cannot make this motion, and he insists that such a motion can be made only by the persons whose depositions the referee is required to take. The provision of the Code under which the order was made is: "When any

party intends to make or oppose a motion in any court of record, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may by order appoint a referee to take the affidavit or deposition of such person." (*Code*, § 401, *sub.* 7.) No notice is required to be given to the adverse party to an action of the application for such an order, and such party has not the right to appear before the referee to cross-examine the person making the deposition. The order is a matter exclusively between the party that obtains it and the person whose deposition is desired; and I am of the opinion such person only can move to have it vacated. The party obtaining it should not be embarrassed by any motion of the adverse party to set it aside.

For these reasons, the defendant's motion to set aside the order of the 28th of March last, appointing Redfield referee to take the depositions of Vanderbilt and others, is denied, with $10 costs.