# SUPREME COURT.

## Joseph H. Ramsey agt. Jay Gould, James Fisk, Jr., Frederick A. Lane, and others.

Where the plaintiff stands in the relation to the defendants (a railroad corporation and its officers) as *creditor* or *stockholder* of the company, he is authorized to bring his action to compel the officers of the company to account for their management and disposition of its funds and property, and to obtain their suspension and removal from office.

Where, in such action, a motion is made to dismiss the complaint, or perpetually stay proceedings therein, on the ground that the action is brought in *bad faith*, and is an attempt to pervert and abuse the process of the court to purposes of retaliation and revenge, and to compel the defendants to cease a litigation in which the plaintiff has an adverse interest, &c., the court has no right to look into the plaintiff's *motives* in bringing the action.

Unless the court can plainly see that he has no meritorious cause of action, or that he is estopped from prosecuting it, his prosecution of it will not be deemed a perversion or abuse of the process of the court. This is equally true in a court of equity, as in a court of law.

No cases can be found where the courts have perpetually stayed proceedings as against *good faith*, except where the suits were brought in violation of some arrangement or understanding *between the parties*.

The ground that the plaintiff is not now, and never has been, a *creditor* of the company, upon a debt already due, and that the defendants have, since the commencement of this suit, tendered to him full payment of all the demands which he pretends to hold, and that, as a stockholder, he has no standing in court in such an action, is not sufficient to defeat the plaintiff's action, even if it is true that the indebtedness shown does not make the plaintiff a creditor within the meaning of the statute, or that the tender alleged would be effectual against him as a creditor.

For the plaintiff brings this action on his own behalf, and on behalf of all others having a common interest; and alleges that the officers named as defendants control the company. He may, as a *stockholder*, therefore, maintain the action for such portion of the relief demanded as does not depend upon the statutory authority authorizing visitorial power by a creditor, claimed as part of his relief.

The statute prohibiting an *attorney-at-law* from purchasing a demand with the intent of bringing a suit thereon, does not prevent the plaintiff in this case—who is an attorney—from maintaining this action:

Because, the purchase of *stock* is not one of the securities, or evidences of debt, mentioned; nor is it "a chose in action," within the meaning of the statute. The chose in action intended by the statute, is one on which a suit can be brought. This action is not brought upon the stock. The statute is a penal one, and cannot be extended to what is not expressly included in it.

The plaintiff's complaint was ordered to be made more specific, as to the securities or evidences of debt, which he holds against the company, as owner. And some portions of the complaint were directed to be stricken out as irrelevant or redundant.

A motion to set aside an order appointing a referee to take the deposition of a witness, under § 401 of the Code, can be made only by the *witness*, whose deposition is sought, The party obtaining it should not be embarrassed by any motion of the *adverse party* to set it aside.

*Tioga Special Term, March,* 8, 1870.

MOTION by defendants to dismiss the complaint, or to perpetually stay the proceedings in the action.

T. G. SHEARMAN & D. D. FIELD, *for the motion.*

R. W. PECKHAM, Jr., & H. SMITH, *opposed.*

PARKER, J.—This action is brought by the plaintiff, as a creditor and stockholder of the Erie Railway Company, for the purpose, among other things, of compelling the officers of the company, who are named as defendants, and who are charged in the complaint, with having the control of its affairs, to account for their official conduct in the management and disposition of its funds and property—and, upon allegations of abuse of trust and gross misconduct by them, in respect to such funds and property, to obtain their suspension and removal from office.

The complaint has been served, but it does not appear that any answer has been put in.

In this condition of the case, a motion is made on the part of the defendants, founded upon the complaint, and an affidavit of the plaintiff taken before a referee appointed under § 401 of the Code, and various other affidavits, for an order dismissing the complaint, or perpetually staying proceedings in the action, or in case such motion is denied, for an order that portions of the complaint indicated, be stricken out as irrelevant or redundant, and that the complaint be made more definite and certain.

A motion is also made to set aside an order granted at a special term of this court, held at Albany, on the 24th of

January last, appointing a referee to take the deposition of
A. S. Diven, to be used on the motion first above mentioned,
and upon " a motion to be noticed by the plaintiff in this
court".

The motion to dismiss the complaint, or to perpetually
stay the proceedings in the action, is based upon three
principal grounds.

*First,* That the suit is not brought in good faith for the
purposes avowed in the complaint, but is an attempt to
pervert and abuse the process of the court to purposes of
retaliation and revenge, and to compel the defendants to
cease a litigation in which the plaintiff has an adverse in-
terest—and moreover, that the plaintiff became the holder
of the stock and bonds which he claims to own, with a full
knowledge that the acts of which he complains had been
done, and for the purpose of bringing this action.

*Second,* That the plaintiff is not in fact a creditor of the
Erie Railway Company, in the sense required, to entitle
him to maintain the suit, and, if he is, that since the com-
mencement of the suit, the company has tendered to him
full payment of all the demands which he claims to hold
against it.

*Third,* That the plaintiff, when he purchased the bonds
and stock mentioned in the complaint, was an attorney at
law, practicing as such ; that he purchased all the stock,
securities and indebtedness of the company, which he
claimed to have at the commencement of the suit, with
intent to commence an action thereon and that such purchase
was a violation of the statute. (2 *R. S.,* 288, § 71).

In regard to the first ground of the motion—I think it
clearly appears from the affidavits, that prior to the plain-
tiff's purchase of the stock and securities held by him, he
had become involved in a litigation respecting the control
of the Albany and Susquehanna Railroad Company, in which
defendants Gould & Fisk, and possibly others of the defend-
ants were parties in interest, adverse to him—that when he

purchased such stock and securities he believed that said defendants had been guilty of such gross abuse of their trust as officers of the Erie Railway Company, that the welfare and safety of the company, and the security of its stockholders and creditors required their removal from office— that among the wrongful acts done by them, he believed they had used the money of the Erie Company, to purchase the stock of the Albany & Susquehanna Railroad Company, in which he was interested, for the purpose of obtaining control of that company, and believing as aforesaid, he purchased said stock and securities, with the intent, if no other person authorized to bring an action against them, for the purposes for which this suit is brought, could be induced to do so, to bring such suit himself; being influenced to some extent, in bringing the suit, by the desire to defeat said defendants from gaining control of the A. & S. railroad, " but mainly," in the language of the plaintiff "to have them brought to justice."

If the plaintiff stands in a relation to the defendants, as creditor or stockholder of the Erie Railway Company, authorizing him to bring this suit,.then, I apprehend, on a question whether the suit can be maintained or not, the court has no right to look into the plaintiff's motive in bringing it—and although in moving it, his malice is gratified, or his independent litigations incidentally subserved, still, unless the court can plainly see that he has no meritorious cause of action, or that he is estopped from prosecuting it, his prosecution of it will not be deemed a perversion or abuse of the process of the court. This is equally true in a court of equity, as in a court of law. The inquiry in each must be with reference to the plaintiffs right of action, and whether in it are involved interests entitled to the protection of the court, and not to his ulterior motives and purposes in bringing the suit. The court will see to it, that the judgment or decree obtained, is such and only such as the plaintiff, as plaintiff in the suit, is

entitled to, and will carefully prevent its process from being perverted to other and illegitimate purposes.

The defendant's counsel argues and insists that a civil action cannot be allowed for the mere abstract purpose of "bringing men to justice," and that when an individual sues, he must sue for his own personal remedy—for the redress of some wrong personal to himself, for the establishment of justice in some way immediately affecting his own interest, and that, unless he seeks redress of this kind, and shows a title to it, he has no standing in court.

This is all very true. But the plaintiff, if in fact the owner of bonds and stock of this company, as he alleges, is *personally interested* in obtaining the relief sought by him; and this being so, in inquiring whether the plaintiff is prosecuting this action for the one purpose or the other, of those mentioned by the counsel, the court must look to the cause of action shown, and the judgment demanded in the complaint, rather than to motives or purposes elsewhere avowed or shown to exist.

It is argued by the defendants' counsel, also, that this suit is brought in *bad faith*. That inasmuch as the plaintiff made himself the holder of stock and bonds of this company for the very purpose of complaining that his rights, as such, were invaded, and with full knowledge that the very acts of which he complains, had been done when he made the purchase, he is to be regarded rather as a mover and promoter of strife, than a *bona fide* suitor, and that he does not come into court with *clean hands*, as the familiar rule of equity requires, and should, therefore, be dismissed.

I do not see that the equity rule has any application here. That has reference to the relation of the parties, in respect to the matter in controversy. If there is any abuse of that relation by the plaintiff, he does not come with "clean hands" to enforce an advantage thus obtained. Here the plaintiff has no inequitable advantage which he is seeking to enforce against the defendants. His buying the

stock and bonds was no wrong done them, with whatever intent it was done. The relative rights of the parties are the same as if the suit were brought by the plaintiff's vendor. The intent with which he purchased, does not change or affect those rights, or raise any equities respecting them, in favor of the defendants. In regard to them, his hands are "clean," and the rule requires no more.

His bringing the suit, after having become invested with the bonds and stock, as he did, is not *bad faith*, such as the courts will relieve against. I do not find any cases where the courts have perpetually stayed proceedings as against *good faith*, except where the suits were brought in violation of some arrangement or understanding between the parties. Such were *Cocker* agt. *Tempest*, (7 *M. & W.*, 502); *Moscati* agt. *Lawson*, (4 *Ad. & El.*, 331); and *Gibbs* agt. *Ralph*, (14 *M. & W.*, 804), cited by defendants' counsel. In the other cases cited, proceedings were stayed for different reasons— as in *Webb* agt. *Adkins*, (14, *C. B.* 401, 407,) which was a suit by an executor, until probate of the will. In *Kerr* agt. *Davis*, (7 *paige* 53,) until plaintiff paid the costs of a former suit. In *Keeler* agt. *King*, (1 *Barb.*, 390,) which was a suit upon a judgment, the last of a series, each successively obtained upon the previous one, the court perpetually stayed the proceedings, it being evident that plaintiffs course in bringing the successive suits on the judgment, served only to accumulate costs against the defendant, without producing any possible advantage to the plaintiff. In *Robinson* agt. *Meanes*, (6, *Dowl. & R.*, 26,) the question decided was, that the court would not sustain a litigation to determine which party had won a wager, and in *Doe* agt. *Duntze*, (6, *C. B.*, 100); that it would not decide a mere speculative question; as a further reason, in connection with the first ground of the motion, it is said that the expenses of the suit are not borne by the plaintiff, but by one David Groesbeck, and plaintiff ought not, for this reason, to obtain any relief in a court of equity.

In regard to this, it is sufficent to say that the fact stated,
is not so clearly proved, as to render it necessary now, to
discuss the legal proposition; Groesbeck, it is true, loaned
plaintiff $30,000 which fund, doubtless, he expected would
be drawn from in paying expenses of this suit, but this loan
of money, plaintiff is responsible and able to pay; and there
is nothing to show that there is any understanding that it
is not to be paid. Hence it cannot be said that the expenses
of the suit are, in reality, borne by Groesbeck, and not by
plaintiff; clearly that fact is not made so certain as to war-
rant the court in assuming it as the basis of a proceeding,
so summary in mode and decisive in effect, as that asked for
by the defendants.

As a *second* ground of the motion, it is said that the plain-
tiff is not now and never has been a creditor of the Erie
Railway Company, and that the defendants have, since the
commencement of the suit, tendered to him full payment
of all the demands which he pretends to hold.

The fact that the plaintiff is the owner of several bonds
issued by the company, not yet due, is clearly shown—also
*of some of its common, and some of its preferred stock.* As a
stockholder, the defendants claim that the plaintiff has no
standing in court in such a suit as this, and that he is not a
crditor, unless he has a debt against the company, already
due. The plaintiff seeks, in regard to part of the relief
which he asks, to avail himself of the visitorial power of
the court, conferred by the statute, entitled " of proceedings
against corporations in equity," (2 *R. S.*, 461, §§ 33, 35,)
and it is clear that he cannot proceed under that part of the
statute as a stockholder—but only as a creditor. But
whether he is a creditor within the meaning of § 35, of the
statute, I do not deem it necessary for me, on this motion,
to inquire. If he can, as a stockholder bring the defendants
into court, for any portion of the relief demanded in the
complaint, or for any relief properly flowing from the facts
stated, then, manifestly, the case cannot be summarily dis-

posed of, by a dismissal of the complaint, or an order perpetually staying proceedings in the action.

I am aware that the general rule is, that a suit brought for the purpose of compelling the ministerial officers of a private corporation to account for breach of official duty, or misapplication of corporate funds, should be brought in the name of the corporation, and not in the name of the stockholders, or any of them.

That a court of equity, under its general powers, may take cognizance of such a suit, when properly brought, is undeniable. Notwithstanding the general rule above stated, it is well settled that there are cases, in which the stockholders unitedly, or in the name of one or more, suing on behalf of themselves, and all others having a common interest, may bring such suit against the officers of the corporation, or such of them as are chargeable with breach of official duty.

Thus it is said in *Angel & Ames, on Corporations, page* 367 : "As a court of equity never permits a wrong to go unredressed merely for the sake of form, if it appear that the directors of a corporation refuse in such case (of waste or misapplication of the corporate funds, by the company) to prosecute, by collusion with those who have made themselves answerable by their negligence or fraud— *or* if the corporation is still under the control of those who must be the defendants in the suit, the stockholders, who are the real parties in interest, will be permitted to file a bill in their own names, making the corporation a party defendant." In *Robinson* agt. *Smith*, (3, *Paige* 231,) the chancellor says : "Independently of the provisions of the Revised Statutes, this court had jurisdiction, so far as the individual rights of the corporators were concerned, to call the directors to account, and compel them to make satisfaction for any loss arising from a fraudulent breach of trust, or the willful neglect of a known duty." And, speaking of joint stock companies he says: "The directors are the trustees or managing partners, and the stockholders are the

*cestuis que trust,* and have a joint interest in all the property and effects of the corporation." In *Cross* agt. *Sackett,* (16 *How.,* 70). Judge HOFFMAN says, after citing several cases, English and American: "The law which may be gathered from these cases is, that there is no wrong or fraud which directors of a joint stock company, incorporated or otherwise, can commit, which cannot be redressed by appropiate and adequate remedies." And in stating the modes of accomplishing this, he says: "The next mode is, where shareholders bring an action for some object unitedly, or in the form which the court of chancery permits, of a bill by one or more on behalf of themselves and all others having a common interest. This right exists under various circumstances. It clearly exists where the directors or agents whose deeds or omissions are impeached, do themselves control the company, and impede the assertion of a right in its own name. (See also, *Butts* agt. *Wood,* 38 *Barb.,* 181; *S. C., affirmed,* 37, *N. Y. R.,* 317).

The plaintiff brings this action on his own behalf, and on behalf of all others having a common interest, and he alleges that the officers named as defendants, control the company. He may, as a stockholder, therefore, maintain the action for such portion of the relief demanded as does not depend upon the statutory authority.

In this view, the fact of the tender made by the company, is unimportant. That depends for its efficacy, if any it has, upon the *indebtedness* of the company to the plaintiff. It is not claimed that it has any effect upon the plaintiffs right, as a stockholder, to maintain the action.

It is evident, therefore, that the motion to dismiss the complaint, or to perpetually stay the proceedings in the action, on the *second* ground taken by defendants, cannot prevail, even if it is true, that the indebtednes shown, does not make the plaintiff a creditor within the meaning of the statute, or that the tender alleged, would be effectual against him as a creditor.

Ramsey agt. Gould.

The *third* ground of the motion is, that plaintiffs purchase of the bonds and stock, mentioned in the complaint, was in violation of the statute prohibiting an attorney from purchasing a demand, with the intent of bringing a suit thereon. (2 *R. S.*, 288, § 71). The language of the statue is as follows: "No attorney, counsellor or solicitor shall, directly or indirectly buy, or be in any manner interested in buying any bond, bill, promissory note, bill of exchange, book debt or other *thing in action*, with the intent and for the purpose of bringing any suit thereon." Now, however the plaintiff, (who is an attorney,) may be prohibited, as creditor, from maintaining this suit, by reason of his violation of this statute—as stockholder, he is not affected by the statute. The purchase of stock is not within the prohibition. It is not one of the securities, or evidences of debt mentioned, nor is it a chose in action, within the meaning of this statute; "chose in action" as defined by BURRILL, is "a thing which a man has not the actual possession of, but which he has a right to demand by action, as a debt or demand due from another." See also, 2 *Bl. Com.*, 338, 396–7; *Gillet* agt. *Fairchild*, 4 *Denio*, 82. *The chose in action*, intended by the statute, is one on which a suit can be brought. This action is not brought upon the stock. That is not the cause of action, and although, in some respects, it may resemble a chose in action, it is not strictly such. The statute is a penal one and cannot be extended to what is not expressly included in it. It is plain, I think, that the purchase of stock was not a violation of the statute, and that the complaint cannot be dismissed upon this ground.

Inasmuch as the last two grounds taken by defendants for the dismissal, if legally correct, do not, for the reasons above given, defeat the action and warrant the relief sought by the motion, I have omitted to discuss them, as any opinion which I might express in regard to them, would be *obiter* and therefore uncalled for and inproper.

No sufficient reason for dismissing the complaint, or for

perpetually staying proceedings in the action, has been shown, and that part of the defendants' motion must be denied.

The alternative part of the motion asks for a modification of the complaint, under § 160 of the Code. Defendants allege that portions of it are irrelevant and redundant, and these they ask to have stricken out, and as to the allegations of plaintiff's being a stockholder and creditor of the company, they seek to have the complaint made more definite and certain.

In regard to this latter demand of the motion, I am inclined to think the plaintiff should be more specific in his complaint, as to the securities or evidences of debt, which he holds against the company, of which he is the owner, to the extent of stating therein the · precise nature and amount of the " past due claim for money," mentioned in *fol.* 2 of the complaint, and whether such claim was ever presented to the Erie Railway Company for payment, and if so, when : and further stating the number of each class of bonds and of shares of each kind of stock owned by the plaintiff, as alleged in the first six folios of the complaint; and when and by whom the said bonds were made, and when payable; what amount, if any, is now due thereon; whether such amount consists of principal or interest; and whether demand of payment thereof has been made.

The defendants have specified 113 separate portions of the complaint (by canceling the same upon the copy annexed to the notice of motion) which they allege to be irrelevant or redundant, and ask to have stricken out.

I have carefully read the complaint, and considered the several portions objected to, and have come to the conclusion that, as to the portions numbered by the defendants, 5, 8, 10, 11, 12, 13, 14, 15, 16, 17, 20, 28, 44, 50, 51, 53, 60, 61, 63, 64, 66, 67, 70, 72, 79, 80, 81, 83, 84, 85, 91, 102, 103 and 110, the motion to strike out should be granted, and as to all the other portions thereof, it should be denied.

Ramsey agt. Gould.

As the defendants have wholly failed upon the principal part of this motion, and have asked for more than they were entitled to, upon the alternative part of it, they should pay the plaintiff $10 costs thereof.

The motion to set aside the order appointing a referee to take the deposition of Mr. Diven, is a separate and distinct one. This order was made under the following provision of subdivision 7, of § 401 of the Code: "When any party intends to make or oppose a motion in any court of record, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person."

This motion to set aside the order, is made exclusively on behalf of the defendants, and not by Mr. Diven, the witness sought to be examined under the order.

It has been held at special term in this district, that the order is a matter exclusively between the party that obtains it and the person whose deposition is desired, and that such person only can move to have it vacated. That the party obtaining it should not be embarrassed by any motion of the adverse party to set it aside. (*Erie Railway Co.* agt. *Champlain, 35 How.*, 73.) This view is supported by the case of *Brooks* agt. *Schultz*, (5 *Robt. R.*, 656,) to the extent that the party against whom the affidavit is proposed to be read, must show that he is injured by the irregularity complained of, before he can move to set aside the order for the examination of the witness.

No such showing is here made by the defendants.

This motion, therefore, must be denied, with $10 costs.