CHARLES C. YOUNG, RESPONDENT, *v.* WILLIAM F. DRAKE, ALBERT L. PRITCHARD AND CHARLES CURTISS AND THE SMITH AND PARMELEE GOLD COMPANY, APPELLANTS.

*Action by stockholder against trustees and company — when maintainable — Code, § 119 — Evidence — that corporation will not prosecute.*

A complaint averring that there are only five trustees of a company; that the plaintiff was a stockholder when the action was brought; that three of such trustees, who were the persons charged with committing a fraud, were made defendants, and that the action is brought in behalf of all other stockholders who will join, comes within section 119 of the Code, and a demurrer interposed thereto on the grounds "that the plaintiff has not legal capacity to sue: 1st. Because the plaintiff only became a stockholder after the matters complained of occurred; 2d. Because the statutes of this State restrict the power to bring actions of this nature to the people of the State, through their attorney-general, and to creditors of the company; 3d. That the Smith and Parmelee Gold Company alone had the right to maintain the action, and had never been requested so to do," will not be sustained.

Although the general rule is that an action of this kind must be brought by the corporation, yet where the complaint shows that the corporation is still controlled by the same trustees who are accused of the fraud, or where such accused persons are a majority of the trustees, it is sufficient evidence that

the corporation will not prosecute, and that an application to the trustees to direct a suit to be brought against themselves, or the derelict majority of their members, would be useless.

A purchase of stock, after an alleged fraud is committed, does not condone the fraud, and the purchaser acquires all the rights of the person of whom he purchased.

APPEAL from an order made at Special Term, overruling demurrers to the complaint.

The complaint alleged, in substance, that the plaintiff was the owner of 1,000 shares of the capital stock of the Smith and Parmelee Gold Company, a corporation organized under the general laws of the State of New York, having five trustees and its principal place of business in the city of New York, and that he brought the action in behalf of himself and of all the other stockholders who should join therein. That the defendants Drake and Pritchard were trustees of said company in September, 1868; the defendant Curtis in January, 1869; two other trustees, Rufus Hatch being elected in January, 1870, and Jacob B. Jewett in January, 1871; all of whom were re-elected and were trustees when his action was brought. That on the 11th day of January, 1869, the defendant Pritchard was elected president and the defendant Drake treasurer thereof, and have ever since continued to hold said offices. That at meetings of said trustees, at which said Hatch and Jewett were not present, but at which the three, named as defendants in this action, constituted a quorum for the transaction of business, they voted to each other divers sums of money as salaries and for other purposes.

That in pursuance of such resolutions the said Pritchard received from the treasurer, on or about the same day, the sum of $350, and also the further sum of $1,150 on account of salary; and the said Drake took from the company funds, in his hands as treasurer, the sum of $275, and the further sum of $1,150 on account of salary.

Then the said Pritchard and Drake, for the $850 balance of salary respectively, and also for the further sum of $166.66, added thereto by each, for salary beyond the time specified in said resolutions, with the knowledge and assent of the said Curtiss, procured judgments against the company in the district of Gilpin county,

Colorado, where the company's mining lands were situated, which judgments were entered in May term, 1871, each for the sum of $1,066.66. That executions were issued thereon to the sheriff of the county aforesaid under which sales were made of the mining lands, mills and machinery of said Smith and Parmelee Company, in Colorado aforesaid, in 1871, of great value, but on a single bid only in the interest of the plaintiffs in the judgments, to an amount sufficient only to cover or pay the said judgments; whereby the said Smith and Parmelee Company were divested of the lands, etc., so sold, and sustained great damages by reason thereof. And plaintiff avers that the said judgments were recovered and enforced by the said Pritchard and Drake, in collusion each with the other, and that defendant Curtiss had knowledge of all the proceedings and concurred therein, the three making a majority of the trustees.

That the resolutions of the trustees, by which the sums aforesaid were given to the said Pritchard and Drake, were void in law, and that the said defendants Pritchard, Drake and Curtiss are liable for the amounts so unlawfully voted and paid to said Pritchard and Drake. That the recovery of judgments for the residue claimed under said resolutions, and for the additional sum of $166.66 added thereto, without any authority whatever, was invalid, and that the said Pritchard, Drake and Curtiss ought to answer for the loss to the company of the property sold under executions issued upon such judgments, and claimed judgment against the defendants Pritchard, Drake and Curtiss therefor, and that a receiver be appointed to receive the sum found to be due by them and distribute it to the stockholders.

*John S. Lawrence*, for the appellants.

*Alex. H. Dana*, for the respondent.

GILBERT, J. :

We think the demurrers were properly overruled. The general rule no doubt is, that an action of this kind must be brought by the corporation; but where the complaint shows that the corporation is still under the control of those who must be defendants in the suit, the stockholders, who are the real parties in interest, may

bring the suit in their own names, making the corporation a party defendant; for a court of equity never permits a wrong to go unredressed merely for the sake of form. The individual defendants are in law, as well as in name, trustees, and the stockholders are the *cestuis que trust,* and have a joint interest in all the property and effects of the corporation. Upon general principles of equity, therefore, stockholders have a right to maintain an action against the trustees of the corporation for a fraudulent breach of trust, when it is apparent that the corporation itself will not sue for their benefit. And where the corporation is still controlled by the same trustees who are accused of the fraud, or where such accused persons are a majority of the trustees, that is sufficient evidence that the corporation will not prosecute, and that an application to the trustees to direct a suit to be brought against themselves, or the derelict majority of their members would be useless. The law never requires the performance of a supererogatory act. (Ang. & Ames on Corp. [10th ed.], § 312, and cases cited.) The action is brought in behalf of the plaintiff and all other stockholders, conformably to section 119 of the Code. It is averred in the complaint that there are only five trustees; three of them, being the persons charged with having committed the fraud, are made defendants, and it is alleged that they are still trustees. The case, we think, is within the rule stated.

It is enough that the plaintiff was a stockholder when the action was brought. If he purchased his stock after the alleged fraud was committed, that did not condone the fraud. The plaintiff acquired all the rights of the person of whom he purchased. (*Ramsey* v. *Gould,* 57 Barb., 398.)

It is hardly necessary to discuss the other points, namely: that there is a misjoinder of causes of action, and that the court has no jurisdiction. The complaint sets forth only one cause of action, and the court clearly has jurisdiction.

The order must be affirmed, with costs, with leave to the defendants to amend in twenty days on payment of costs.

BARNARD, P. J., concurred. DYKMAN, J., not sitting.

Order overruling demurrers affirmed, with costs, with leave to defendants to amend in twenty days on payment of costs.