NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1884.

### REYNOLDS V. PARKES.

*In the matter of the estate of* CATHARINE PARKES, *deceased.*

A person attending before a referee, to make a deposition, under Code Civ. Pro., § 885, to be used in a proceeding pending in a Surrogate's court, to which he is not a party, has no right to the assistance of counsel.

Where one so attended before a referee, though not subpœnaed, for the purpose of making a deposition in behalf of the respondent in a certain proceeding, accompanied by one claiming to be counsel for the witness and for petitioner, and submitted to be sworn, and thereafter, upon the counsel being directed to retire, the latter, by his advice, though directed to remain, retired with him, and refused to testify,—

*Held*, that each was guilty of a contempt of court, and liable to a fine, which was imposed.

MOTION by John V. Reynolds to punish Henry Wehle and Michael Gilmartin for contempt of court,

by reason of certain acts, set forth in the opinion, committed by them in a proceeding by Reynolds to compel Charles Parkes, executor of decedent's will, to deposit certain moneys.

H. H. MORANGE, *for J. V. Reynolds.*

WEHLE & JORDAN, *for M. Gilmartin.*

THE SURROGATE.—On the 27th day of December last, by order of the Surrogate, a referee was appointed to take the deposition of one Michael Gilmartin, to be used in behalf of the respondent in a certain proceeding pending in this court, and relating to the administration of this decedent's estate. Gilmartin thereafter attended before the referee, and was duly sworn as a witness. He was accompanied by Mr. Henry Wehle, an attorney of this court, who had appeared as counsel for the petitioner in the proceeding wherein Gilmartin was sought to be examined.

The counsel, upon whose motion the order for that examination had been entered, objected to Mr. Wehle's presence. Thereupon the referee, as his certificate discloses, asked Mr. Wehle in what capacity he appeared. That gentleman claimed at first a right to be present as a spectator. The referee ruled that no such right existed. Mr. Wehle then declared himself to be counsel for the witness and counsel for the opposing party. The referee denied his right to be present in either capacity, and held that the witness must make his deposition without the aid of counsel. Thereupon, Mr. Wehle advised the witness to retire with him from the office of the referee, and, in spite of a direction to remain, the witness left in Mr. Wehle's company. Upon this

state of facts, the respondent asks that the petitioner's counsel and Gilmartin be punished for contempt.

The procedure for the taking of Gilmartin's deposition seems to have been in compliance with the provisions of § 885 of the present Code, which have been substituted for those which appear in the former Code, at § 401 (Brooks v. Schultz, *5 Robt.*, *656 ;* Corning v. Tooker, *5 How. Pr.*, *16 ;* Erie R. R. Co. v. Champlain, *35 How. Pr.*, *73 ;* Ramsey v. Erie R. R. Co., *8 Abb. N. S.*, *188 ;* McCue v. Tribune Assoc., *1 Hun*, *469*). The witness, Gilmartin, though not duly subpœnaed, in fact attended 'before the referee for the evident purpose of giving his testimony, to be used in the pending proceeding. He submitted to be sworn. He was not a party, and had no right to the assistance of counsel. Having been sworn he was bound to testify, and his refusal to be examined was, I think, a contempt of court, for which he is liable to punishment.

It was settled in the case of the Erie R. R. Co. v. Champlain (*supra*), that, under circumstances such as here appear, the adverse party is not entitled to notice of the examination of a witness, and has no right to attend and cross-examine. The conduct of Mr. Wehle, in advising the witness to leave the presence of the referee, and to refuse to give his testimony, was calculated to impede the due course of justice, and was in contempt of the authority of this court.

The witness, Gilmartin, is directed to attend before the referee on the 4th day of March, to be examined as heretofore required. He must pay a fine of $10, to be applied to the payment of the costs of the reference. Mr. Wehle must pay to John V. Reynolds, in whose behalf

the order of reference was entered, the sum of $25, together with $10, as costs of this motion.