Henry Clay Greenberg, J.
This is a motion by the nominal corporate defendant in eight separate stockholders’ derivative actions for an order (1) consolidating said actions; (2) designating general counsel to conduct all proceedings on behalf of all plaintiffs in said consolidated action; and (3) staying all proceedings in said consolidated action until further order of this court.
There being no objection set forth by any of the parties, plaintiffs or defendants, to a consolidation of these derivative actions (excepting as to one of the actions whose disposition is hereinafter referred to), the beneficial effects of which to both the parties and the court are obvious, that branch of the motion is granted.
The designation of a general counsel for all the plaintiffs in a consolidated action is a necessary and practical corollary of the granting of such a consolidation. In making the selection, the court, under normal circumstances, should consider the wishes of the one who first brought suit as well as the recommendations of all of the plaintiffs, but should, in the final *1089 analysis, make its determination on the basis of the competency and experience in this field of the several attorneys representing the various plaintiffs and the relationship of their respective clients to the defendants in the case or their interest in the issues to be raised and prosecuted (cf. Dresdner v. Goldman Sachs Trading Corp., 240 App. Div. 242, 249, on the question of the claim to priority of the one who first brings suit). There can be no question as to the high qualifications of the four firms of attorneys who have, in effect, nominated themselves for appointment. However, as to two of them, charges and counter-charges directed to their respective clients’ adverse interests and motivation are set forth. One of the clients actually is a defendant against whom a substantial judgment is requested in one of the derivative actions and this client is also alleged to be an agent, or partner or closely identified with another defendant against whom a very substantial judgment is sought, but who has not yet been served in the litigation. This client is a defendant in the corporation’s own direct action against various defendants.
The countercharge is that the other attorneys’ client was employed by the corporation and has had a very close association with its president, the principal defendant herein. With respect to the first group of attorneys, who are seeking the general counselship, if its application were granted, it would be placed in the position of representing plaintiffs in the consolidated actions where the particular plaintiff which that group represents is also a defendant in at least two other actions and said to be a substantial malefactor. Obviously, to designate this firm as general counsel would place it in an illogical and inconsistent position, where it would be serving two divers interests. It was suggested on the argument that the plaintiff, which they represent, would procure other counsel to represent him as a defendant. The mere statement of the facts here are adequate to render impossible the designation of this firm of attorneys as general counsel. The same applies, perhaps to a less extent, to the second attorney seeking the general counsel-ship. It is the court’s feeling that no attorney or group of attorneys should be appointed where there is any substantial claim of taint, as is present in the instant case, and, hence, the attorneys in Action No. 1 and Action No. 2 may not receive the approbation of the court.
The third and fourth group of attorneys present a different picture. With respect to them, it should be observed that they do not represent any possible or doubtful conflicting interest. However, as between these two, the court is constrained to make *1090 a choice and accordingly designates the firm of Pomerantz, Levy & Haudek, Esqs., as general counsel in the actions which have been consolidated. They are the only attorneys in the case whose nomination has been seconded by. other plaintiffs. Their attorneys in the actions have referred to their eminent qualifications and vast experience in corporate litigation involving minority stockholders, qualities recently attested to by the United States Court of Appeals for the First Circuit in Angoff v. Goldfein (270 F. 2d 185, 193, quoting from 167 F. Supp. 928) in describing Mr. Pomerantz of that firm as ‘ ‘1 one of the country’s foremost specialists in this type of litigation. ’ ” On the basis of the entire record, this designation is desirable from the standpoint of all of the parties concerned.
With relation to the conduct of further proceedings, it was suggested upon the argument by the attorney representing the corporation as plaintiff in its own action against certain defendants for substantially the same relief as that sought in the derivative actions, that general counsel might act as co-counsel to his firm in that action and that the attorneys for the various plaintiff stockholders were free to be present at examinations before trial to be held in that action and in the consolidated action, and to participate in settlement negotiations, if matters reached that point. It therefore seems advisable to hold matters in abeyance until after counsel have had an opportunity to confer and, if possible, agree on the modus operandi for further action.
Accordingly, the stay heretofore granted is continued for the time being, pending the holding of such conference and the communication to the court of the results reached, jurisdiction being reserved for that purpose and for the further guidance of the litigation.
With regard to the matter of consolidation, in view of the statement made upon the argument that the plaintiffs in action denominated No. 2 in the papers, concerning one of whom the charge had been made that he could not properly remain as a plaintiff, did not desire to be included in the consolidated action, unless their attorneys continued in control of their action or in control of the consolidated action, it is directed that they may refuse to join in the consolidation, but in that event the further prosecution of their separate action will be stayed until further order of the court.
Settle order accordingly.