### MILLIKEN v. McGARRAH et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

CORPORATIONS (§ 320*) — MISMANAGEMENT OF CORPORATION BY PLEDGEE OF STOCK—RIGHT OF ACTION BY STOCKHOLDER.

A stockholder, who pledges his stock as security for notes, executed by him for corporate debts, and deposits it in a voting trust with a representative of the creditors, may not maintain an action against the latter for mismanagement of the corporation, resulting in injury to it and incidentally depreciating the value of the stock; though for a direct injury to the stock not common to all stockholders as such he may maintain an action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Foster Milliken against Gates W. McGarrah and others. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and DOWLING, JJ.

Martin Conboy, of New York City, for appellant.

Charles W. Pierson, of New York City, for respondents.

SCOTT, J. Plaintiff is, or was, the owner of three-fifths of the stock of Milliken Bros., Inc. That concern was put into bankruptcy and receivers appointed. A committee of creditors was organized representing the defendant banks, and a plan for the readjustment of the affairs of the company proposed which involved the appointment of a voting trust. Ultimately plaintiff and one Manning executed demand notes for the indebtedness of said corporation, and as collateral security therefor deposited with McGarrah & Thorne, representing the banks, all their stock in said company. This stock was deposited under the voting trust agreement, the bankruptcy proceedings dismissed, and the control and assets of the company returned to it. Under this arrangement, the control and management of the company remained with the defendant banks. The complaint sets forth a long list of misdeeds and carelessness in the management of the company, as a result of which, as it is alleged, the business of the company has been ruined and its stock rendered worthless.

The plaintiff concedes that, considered merely as a stockholder, he cannot sue for the injury done to the corporation, but asserts that as pledgor of the stock he has a cause of action for the injury done to the value of his pledged stock, in consequence of the injury done to the corporation whereby not only his but all of the stock was rendered valueless.

He relies upon Ritchie v. McMullen, 79 Fed. 522, 25 C. C. A. 50. That was a case in equity in which it was sought to subject Ritchie's interest in pledged stock to the satisfaction of the judgment against him, and he undertook to offset the damage alleged to have been done to him, as owner of the stock, by the pledgees. The gravamen of Ritchie's claim was that the pledgees had entered into a conspiracy aimed directly at the particular stock owned by him; the injury to the corporation being merely an incident. The court said, among other things:

"It is true that the obligations of the pledgee of stock to the pledgor would not be violated by the pledgee if the stock held in pledge suffered a loss in value through negligence of the pledgee in acting as director of the company or through ill-advised or negligent voting of other stock owned by him. The fact that the pledgee of stock owns other stock in the same company, or is a director or officer therein, does not impose any greater duty upon him, in respect to the stock pledged, than if he had no relation to the company at all. But, if such pledgee use his position as director and his vote as stockholder intentionally to depreciate the stock of his pledgor held in pledge with the dishonest purpose of acquiring ownership of the stock at forced sale, this is a direct injury done by him to his pledgor, and he cannot avoid direct liability

to his pledgor for it, by pleading that the means by which he accomplished this wrong and violated his duty as pledgee involved an injury to the corporation, for which it may also recover damages."

The distinction is clear. For a direct injury to the stock of the pledgor, not common to all stockholders as such, the pledgor may have his action notwithstanding he is also a stockholder. For an injury to the corporation, common to all stockholders, the pledgor has no individual right of action although the injury to the corporation may incidentally result in a depreciation of the value of his pledge.

The order appealed from is therefore affirmed, with $10 costs and disbursements, with leave to plaintiff to amend within 20 days upon payment of all costs. All concur.