## J. J. LITTLE & IVES COMPANY, Appellant, *v.* ACCEPTANCE CORPORATION, Respondent.

First Department, February 5, 1926.

**Trusts — action to recover damages for negligent management of plaintiff's property by defendant — plaintiff borrowed money through defendant on condition that plaintiff turn over to defendant entire management of its property — defendant became trustee of property and is chargeable with result of negligent management — complaint is sufficient.**

A complaint in an action by a corporation to recover damages arising out of the alleged mismanagement of its business and property by defendant, a finance corporation, states a cause of action, since it alleges that the plaintiff borrowed money from the defendant upon the condition that the plaintiff turn over to the defendant, for its management, all of the property and business of the plaintiff corporation; that the plaintiff did turn over to the defendant all of its property and business and placed in defendant's hands undated resignations of all its officers and directors and registered its common stock in the name of the defendant; and that the defendant corporation did manage the plaintiff's business in such a negligent manner as to cause the damages asked for.

Under the contract the defendant corporation became a trustee of plaintiff's property and was charged by law to exercise management and control thereof with due regard to the interests of the plaintiff. The defendant was required to treat the property with such a degree of care as the circumstances called for in the nature of the business.

APPEAL by the plaintiff, J. J. Little & Ives Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of October, 1924, upon the dismissal of the complaint after the opening by plaintiff's counsel.

*Lee, Smyth, Aron & Wise* [*Harold G. Aron* of counsel], for the appellant.

*Henry Bennett Leary,* for the respondent.

McAVOY, J. The complaint in this action was dismissed at Trial Term upon the opening of plaintiff's counsel.

Plaintiff alleges that it borrowed $125,000 from the defendant corporation at fifteen per cent interest annually; that as a condition of the loan plaintiff was required to place its affairs in the control of the defendant under a plan which the defendant presented. Plaintiff through this plan intrusted the complete management of its business to the defendant, although colorably still in its own directors' control, and, as it then alleges, the defendant mismanaged the plaintiff's business and caused plaintiff $282,000 damage.

The theory of the complaint under this summary is that an

First Department, February, 1926.    [Vol. 215 .

express trust arose from the transfer to the defendant of the majority of the stock of the plaintiff corporation, and that out of this transfer a constructive trust was created of the complete management of the business of plaintiff, and that in violation of the duty to carry on the business of the plaintiff in such manner as to conserve its interest, the defendant through various acts of mismanagement brought about damage to the plaintiff.

The complaint sets out a general statement of the plaintiff's difficulties in securing financial aid, its application to the defendant, a financing concern, for aid, the examination by that concern of plaintiff's condition, the acceptance by plaintiff of defendant's estimate of the financial needs of the plaintiff corporation, and plaintiff's acceptance of the plan which defendant proposed for a rehabilitation of the business. The compliance by plaintiff with all the conditions demanded by defendant for the procurement of the necessary loan through the plan which the defendant pro-- posed, involved the employment of a treasurer for plaintiff selected by defendant, and the placing of the undated resignations of all the officers and directors of the plaintiff corporation in the hands of the defendant to be used at defendant's option, and the registering of the common stock of plaintiff in the name of the defendant corporation. The management and control of plaintiff became intrusted to the defendant because of confidence in defendant's integrity; and the acts which defendant performed through this instrumentality of control are alleged to have been done in violation of the agreement by which the control was obtained, and under threat of foreclosing the bond issue made for the loan, thus destroying the plaintiff's business if it did not accede to the demands of the defendant. It can make no difference whether the plaintiff intrusted its management to the defendant because of confidence in the integrity of its proposed management and belief in the skill of the defendant, or whether the control and complete management of plaintiff's business was given to defendant by reason of exigencies forced upon the plaintiff company by reason of its necessities or through the duress of circumstances which the situation brought about.

According to the complaint, the fact is that the plaintiff did intrust its affairs to the complete management of the defendant, which, admittedly, negligently violated the duty which was imposed by law upon it so to treat the other's property as not unnecessarily to damage it, and the damage asked for resulted from the careless and reckless management of the defendant. It is familiar doctrine that a person coming into the possession and control of the property of another becomes a trustee thereof, and is charged

by law as well as morals to exercise the control which thus comes to him with due regard to the interests of the owner. The law implies a trust if no contract exists. The possession and control is thought to give the trustee such opportunities for oppression in the management of the property that the closest scrutiny of his acts is required. The turning over of the entire property's management to the defendant was a similar transaction to the pledging of property to another. The bailee owes a direct duty to the pledgor to be reasonably careful in his custody of the pledge so that no harm shall come to it through his act. So the defendant here, virtually in control of the entire management of the plaintiff's business, was required to treat it with such degree of care as the circumstances called for in the nature of the business. The complaint and bill of particulars set out acts which show that it did not fulfill this duty.

We think a cause of action is set forth in the complaint and that the opening by counsel does not by its inconsistent admissions destroy the right of recovery; and, therefore, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.