BURWELL S. CUTLER, Respondent, *v.* CHARLES H. FITCH and Others, Appellants, Impleaded with ALBERT D. SIKES and Another, Defendants.

Fourth Department, November 19, 1930.

*Walter C. Newcomb*, for the appellants.

*John Kirkland Clark* and *Edward T. Welch*, for the respondent.

SEARS, P. J.  The question upon this appeal relates to the sufficiency of the complaint.  The plaintiff is a stockholder of the defendant Cutler Desk Company, owning a substantial amount of both preferred and common stock.  The defendant trust company (including in that designation its predecessor bank) has been a large creditor of the desk company.  The defendant casualty company is a guarantor of the indebtedness of the desk company to the trust company.  The individual defendants, except the defendant Sikes, have been for sometime directors of the desk company, and the defendants Fitch and Tiernon are also officers of the desk company.

The complaint alleges that when the trust company made its loans to the desk company in 1926, and when the guaranty of the casualty company was given, and on the renewal of these loans, the trust company and the casualty company, as a condition of making and renewing the loans and guaranties insisted upon and procured the deposit with the casualty company and the trust company of a substantial majority of the outstanding shares of the common stock of the desk company and of all of the outstanding shares of its preferred stock, and have procured and exercised at all times since 1926 all voting powers and rights appertaining to such shares of stock.  The complaint further states that since 1926 the trust company and the casualty company have been in complete control of the defendant desk company and of its directors, officers

and affairs, and have been conducting the affairs of the company. The complaint then alleges in general terms mismanagement of the company and finally an undertaking and agreement to sell to the defendant Sikes all of the assets and property of the defendant desk company for an amount far less than their actual value. The complaint further alleges that the plaintiff's stock was worth $60,000 at the time that the trust company and casualty company took over the management of the defendant desk company, and by reason of the negligence of the defendants it is now worthless.

As to the defendants the trust company and the casualty company, the complaint states sufficient facts to constitute a cause of action in favor of the plaintiff personally. These defendants are alleged to be the pledgees of the stock of the defendant Cutler Desk Company owned by the plaintiff. As such these defendants owed the plaintiff a duty to preserve the stock unimpaired for the benefit of its owner, and any unlawful or negligent action of theirs detrimental to the plaintiff's rights as the owner of the stock gives the plaintiff a cause of action to recover the loss sustained. (*Little & Ives Co.* v. *Acceptance Corp.*, 215 App. Div. 427; *Blakeslee* v. *Sottile*, 118 Misc. 513; *Von Au* v. *Magenheimer*, 126 App. Div. 257; affd., 196 N. Y. 510.)

The other defendants stand in a different position. As to the defendants who are directors and officers of the defendant desk company, the only possible cause of action suggested in the complaint is the familiar one in behalf of all the stockholders and in the interest of the corporation itself. No relation between the individual defendants and the plaintiff is alleged except that existing between directors and officers of a corporation and a stockholder. The misconduct of directors and officers in the management of the affairs of a corporation gives rise to a cause of action in favor of the corporation, and the only right a stockholder has is the derivative one to enforce the right of the corporation itself. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 id. 119; *Brock* v. *Poor*, 216 id. 387.) We do not read this complaint as intending to set forth a derivative action. There is no statement in it that it is brought in behalf of others similarly situated. The prayer for relief embodies no demand applicable in such an action. If a derivative action is intended, it must be more clearly set out.

The order should, therefore, be reversed as to all the moving defendants except the defendants Maryland Casualty Company and Manufacturers and Traders-Peoples Trust Company, and otherwise affirmed, and the motion to dismiss the complaint should be granted as to the defendant Cutler Desk Company and as to all

the individual defendants except the defendant Albert D. Sikes, without costs, with leave to the plaintiff to serve an amended complaint within twenty days.

As the complaint is dismissed as to the Cutler Desk Company, the order denying the motion to vacate the notice for examination of the corporation defendants should be reversed as to the defendant Cutler Desk Company and otherwise affirmed and motion granted as to the defendant Cutler Desk Company.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order denying motion to dismiss the complaint reversed as to all the moving defendants except Maryland Casualty Company and Manufacturers and Traders-Peoples Trust Company, and otherwise affirmed, without costs of this appeal to any party, and complaint dismissed as to all moving defendants except as aforesaid, without costs, with leave to plaintiff to plead over within twenty days. Order denying motion to vacate notice for examination of corporation defendants reversed as to the defendant Cutler Desk Company and otherwise affirmed, without costs of this appeal to any party, and motion to vacate notice granted as to said Cutler Desk Company.