SIMON FELDMAN, Respondent, v. CHARLES POLAKOFF, Appellant.— Interlocutory judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

MORRIS SEEMAN and Others, Respondents, v. LEON H. RUBIN and Another, Appellants.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that this action being one by a judgment creditor of the corporation to recover from a director of the corporation under the provisions of section 15 of the Stock Corporation Law, is not an action entitled to a preference under the general provisions of section 138 of the Civil Practice Act, and is not entitled to a preference under subdivision 1 of rule 8 of the Rules of the Supreme Court in the Eighth Judicial District, for the reason that it is not an action " upon a debt or liquidated claim upon a bond or other obligation for the payment of a specific [specified] sum of money." All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

In the Matter of the Application of FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant, for a Prohibition Order against GEORGE W. WOLTZ and Others, Arbiters, and ALLEN'S FLOOR COVERING COMPANY, Respondent.— Order modified on the law, by striking out the final paragraph of the order, and as modified affirmed, with ten dollars costs and disbursements to the respondent. This was an attempted common-law arbitration which is a contractual, not a judicial proceeding, and, if properly conducted, results, not in a judgment, but in a cause of action against the party who does not obey the award. The arbitrators do not constitute a judicial or quasi-judicial body whose proceedings are the subject of an order of prohibition. There being no attempt here to conduct a statutory arbitration proceeding, the court will not interfere by such a proceeding as this. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

BURWELL S. CUTLER, Respondent, v. MANUFACTURERS AND TRADERS-PEOPLES TRUST COMPANY and Another, Defendants, and LILLIE J. SIKES, as Executrix, etc., of ALBERT D. SIKES, Deceased, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted dismissing the complaint as to the defendant Sikes, with ten dollars costs. What was said in the opinion of this court in an earlier appeal in this case (231 App. Div. 8) is, we think, determinative of this appeal. We find no allegation of any wrong done by Sikes to the plaintiff and there was no contractual relation between them. Any cause of action based on the inadequacy of the consideration paid by Sikes for the desk company's property is in favor of the desk company and can be maintained, if at all, only in a creditor's action or in a derivative action. This is neither a creditor's action nor a derivative action. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

BERT L. HOUGH, Respondent, v. SASCHA PIATOV and Another, Appellants.— Judgment affirmed, with costs. All concur, except Crouch, J., not voting. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.