JUICHI KONO, as Ancillary Temporary Administrator of the Estate of HISASHI FUJIMURA, an Absentee, Who Has Disappeared or Is Missing so That After Due Diligence His Place of Abode Cannot Be Ascertained, Appellant, *v.* GUSTAV A. ROETH and HERNDON THROWING CORPORATION, Respondents, Impleaded with LOUIS D. ROBINS and Another, Defendants.

First Department, December 9, 1932.

*Alexander Tison* of counsel [*Harry C. W. Melick* with him on the brief; *Tison & Melick*, attorneys], for the appellant.

*Eugene L. Bondy* of counsel [*Bondy & Schloss*, attorneys], for the respondents.

O'MALLEY, J.   The question presented is whether the complaint, giving it every fair intendment to which it is entitled upon a motion addressed to its sufficiency, pursuant to a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice, states a cause of action against the respondent defendants.

The plaintiff sues as the ancillary temporary administrator of the estate of Hisashi Fujimura, and has been substituted in place of the latter, who instituted this action.

The complaint alleges that the defendant Robins had pledged with Fujimura, hereinafter designated plaintiff, eighty shares of the stock of the Herndon Throwing Corporation, as collateral security for an indebtedness; that the corporate defendant with name identical with that of the corporation first above named was later formed under the laws of the same State with defendant Roeth as its president; that the eighty shares pledged were part of two hundred shares of a total outstanding issue, the remaining one hundred and twenty shares being owned by the defendant Roeth and one Blasberg; that the defendants Robins, Roeth and Segal conspired to render worthless plaintiff's eighty shares held in pledge, and in pursuance of such conspiracy, and with the aid and assistance of other persons and corporations controlled by Roeth, set about by false means to destroy, wreck, make insolvent and put out of business the original corporation and cause all of its property, including its franchise, to be sold by the sheriff; that

in pursuance of such unlawful conspiracy the original corporation was caused to refrain from declaring dividends at a time when its net earnings were in excess of one hundred per cent; that large and fraudulent bills of various kinds were caused to be presented to and paid by the, original corporation for alleged services and supplies, which were in fact neither rendered nor furnished to said corporation, or not rendered or furnished in the amount charged, or not then due and owing; that the defendants caused the original corporation fraudulently and wrongfully to execute and deliver judgment notes for spurious obligations and caused a sheriff's sale to be made thereunder of all of the assets of the original corporation including its franchise, at which sale the purchaser was someone acting for the defendant Roeth or the other individual defendants; and caused the original corporation to be wrongfully and fraudulently destroyed and put out of existence.

It is further pleaded that in furtherance of the conspiracy and in culmination thereof the defendant corporation was organized for the sole purpose of receiving the assets and carrying on the business of the original corporation; that the individual defendants transferred or caused to be transferred to the defendant corporation all of the assets of the original corporation including its franchise; and that the defendant corporation with defendant Roeth as its president received the assets and franchise and carried on the business of the original corporation without interruption of business or diminution in the net profits of over one hundred per cent. It is then asserted that the original corporation, the shares of which had been pledged with the plaintiff, was thus destroyed and put out of existence and that these shares, which originally had a value of $40,000 at the time of the pledge, were thus made worthless, to plaintiff's damage in the sum of $40,000.

The Special Term was of opinion that the plaintiff, having no greater general rights than the original owner of the stock, was relegated, if having any cause of action at all, to a derivative action, based upon the wrong done to the corporation. With this conclusion we do not agree.

Where the relation of pledgor and pledgee exists the parties owe each other the mutual duty of preserving in good faith the pledge and to refrain from impairing its value. (*Von Au* v. *Magenheimer*, 126 App. Div. 257; affd., 196 N. Y. 510.) This relationship is one of trust (*Gillet* v. *Bank of America*, 160 N. Y. 549, 560) and if no contract exists the law implies such relationship. (*Little & Ives Co.* v. *Acceptance Corp.*, 215 App. Div. 427, 429.)

It is apparent, therefore, that not only may the unlawful acts causing depreciation of the stock of the corporation by injury to

the corporate assets, form the basis of a derivative action, but upon such acts may be predicated, in a proper case, an individual cause of action by one having a property right or interest in such stock. This rule applies even in the case of the stockholder himself, as well as in the case of a pledgee or other lienor. (*Ritchie* v. *McMullen,* 79 Fed. 522; *Milliken* v. *McGarrah,* 159 App. Div. 725; *General Rubber Co.* v. *Benedict,* 215 N. Y. 18.)

We are of opinion, therefore, that the complaint now before us, giving it every fair intendment, shows a breach of his fiduciary relationship on the part of the pledgor against the pledgee and sufficiently pleads facts showing an unlawful depreciation in such stock for which defendants would be liable.

It follows that the judgment and order appealed from should be reversed, with costs, and the motion to dismiss denied, with ten dollars costs.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.