CORONADO DEVELOPMENT CORPORATION, Plaintiff, *v.* SEVERANCE
A. MILLIKIN, H. VICTOR SCHWIMMER and GEORGE S. PARLIN,
Defendants.

Supreme Court, Special Term, New York County, September 24, 1940.

*Jacob M. Mandelbaum*, for the plaintiff.

*John T. Cahill, United States Attorney for Southern District of New York [Chester T. Lane, General Counsel*, and *Lawrence S. Lesser, Attorney, of Securities and Exchange Commission*, and *William F. Young, Assistant United States Attorney*, of counsel], for the defendants Schwimmer and Parlin.

WALTER, J. This is an action at law by a stockholder suing in its own right to recover damages resulting from a depreciation in the market value of the shares owned by it which is alleged to have been caused by acts of the defendants performed pursuant to a conspiracy among them to depreciate the stock in order to buy it in at a price below its intrinsic value. The defendant Millikin is alleged to have been and to be an officer and director of the corporation the stock of which is claimed to have been so depreciated. It is not alleged that the defendants Schwimmer and Parlin are or ever were in any way connected with that corporation or with the plaintiff. The acts which are alleged to have been done by defendants include the making and dissemination of false statements concerning the assets and management of the corporation, and the procuring by false statements of a " stop order " of the Securities and Exchange Commission of the United States by which trading in the stock was impeded and restrained. It is also alleged that certain assets of the corporation were wasted and that by certain acts the business of the corporation was interfered with. All these acts together are alleged to have depreciated the stock from a market value in excess of ten dollars per share to practically nothing. The relief sought is a stated sum which I think it must be assumed is intended to be the difference between the market value of the shares owned by plaintiff before and after the acts complained of.

Defendants Schwimmer and Parlin now move upon the complaint to dismiss the same as to them upon the ground that it does not state facts sufficient to constitute a cause of action. They also move upon supporting affidavits to dismiss the complaint upon the grounds that the court is without jurisdiction of the subject-matter, that no cause of action ever accrued against them because all that they did in connection with the acts complained of they did in an official capacity as attorneys for the Securities and Exchange Commission, and that there is another action pending between the same parties for the same cause.

Except for the challenge to the sufficiency of the complaint, the motion is patently untenable. The court clearly has jurisdiction of an action in tort against individuals served with process within the State or who voluntarily appear. Any privilege which may protect the moving defendants because of their official position clearly is a matter which must be the subject of proof. The existence or non-existence cannot be determined upon affidavits. I do not say upon whom will rest the burden of proof if privilege becomes an issue upon a trial. I do say that the defendants will have the burden of going forward with evidence of its existence. So, too, if any orders made by the Securities and Exchange Commission limit or defeat plaintiff's claim, they must be proved and their effect determined upon a trial. The other action mentioned is by a different plaintiff (*Westminster Church* v. *Presbytery of N. Y.*, 211 N. Y. 214, 220), and, in addition, the complaint therein has been dismissed and the mere pendency of an appeal does not detract from the force of the order of dismissal. (*Parkhurst* v. *Berdell*, 110 N. Y. 386; *Matter of Ungrich*, 201 id. 415, 418; *Sullivan* v. *Ringler & Co.*, 69 App. Div. 388; *Stevens* v. *Stevens*, 69 Hun, 332; *Mercantile Nat. Bank* v. *Corn Exchange Bank*, 73 id. 78; *Reed* v. *Allen*, 286 U. S. 191, 201; *Straus* v. *American Publishers Assn.*, 201 Fed. 306, 310; *Goess* v. *A. D. H. Holding Corp.*, 21 F. Supp. 789.) To dismiss the present action now because of the pendency of that appeal would require me to assume that the dismissal of the other action was erroneous and will be reversed, and that I cannot do. Whatever consideration might be given to a motion to stay proceedings herein until the determination of the appeal, it is plain that an action can be dismissed under subdivision 4 of rule 107 of the Rules of Civil Practice only when the showing is such as would sustain a common-law plea of another action pending, and no such showing is here made for reasons just stated.

I pass, therefore, to a consideration of the sufficiency of the complaint.

Waste and mismanagement, and also interference with a corporation's business, are wrongs to the corporation, and although indirectly resulting in a depreciation in the value of its shares of stock they nevertheless must be redressed by means of a suit by or on behalf of the corporation. (*Niles* v. *New York Central & H. R. R. R. Co.*, 176 N. Y. 119; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 id. 121; *Isaac* v. *Marcus*, 258 id. 257, 263; *Green* v. *Victor Talking Machine Co.*, 24 F. [2d] 378, 380; certiorari denied, 278 U. S. 602.) There are also certain wrongs which have been recognized as constituting direct injuries to individual stockholders and consequently

as giving rise to a cause of action in their favor. (*General Rubber Co.* v. *Benedict*, 215 N. Y. 18; *Adams* v. *Clark*, 239 id. 403, 407; *Von Au* v. *Magenheimer*, 126 App. Div. 257; affd., 196 N. Y. 510; *Ritchie* v. *McMullen*, 79 Fed. 522, 532–535; *Kono* v. *Roeth*, 237 App. Div. 252, 254; *Hammer* v. *Werner*, 239 id. 38, 44; *Cutler* v. *Fitch*, 231 id. 8; *Little & Ives Co.* v. *Acceptance Corp.*, 215 id. 427; *Blakeslee* v. *Sottile*, 118 Misc. 513; *Walsham* v. *Stainton*, 1 DeG., J. & S. 678.) The line between the two classes of wrongs does not appear ever to have been very clearly drawn. In general, I think the test must be whether or not assets of the corporation have been lost or destroyed or depreciated or its business interfered with, for if so there is a direct injury to the corporation and recovery therefor should go to it so that all stockholders may benefit from the recovery in proportion to their stock holdings, and if not no right of the corporation has been invaded and it is not justly entitled to any recovery.

Where an apparent depreciation in value has caused a stockholder to part with his shares for less than their real value, so that he no longer could force the corporation to sue or maintain a suit in its behalf and share in a recovery had by it (*Dudley* v. *Armenia Ins. Co.*, 115 App. Div. 380), the stockholder may maintain an individual suit in his own behalf for the damages he has sustained even though the apparent depreciation has been caused by a wrongful withholding or taking or dissipation of property which in reality belonged to the corporation. (*Von Au* v. *Magenheimer, supra; Walsham* v. *Stainton, supra.*) In such cases the wrongful appearance of depreciation has ripened into another wrong which clearly affects the individual stockholder in a manner different from its effect upon the stockholders generally, viz., fraud or deceit or coercion inducing a sale. But where the stockholder still holds his shares, I think that every depreciation in the value thereof resulting from a loss or destruction or depreciation of corporate assets or interference with corporation business must be redressed in a suit by or on behalf of the corporation, and gives rise to no cause of action in favor of individual stockholders.

On the other hand, depreciation resulting from the dissemination of false information as to corporate assets or business or management, as distinguished from a wrongful withholding or taking or dissipation of corporate property or interference with its business, necessarily constitutes a direct injury to individual stockholders and is a wrong to them rather than to the corporation and may be redressed by suit by individual stockholders suing in their own right. In fact, it would seem probable that in most instances of that sort there would be no injury or damage to the corporation and conse-

quently nothing which it would be entitled to recover, but if it could be shown that the corporation was thereby injured in its credit I entertain no doubt that it also would have a cause of action. (See illustration in the characteristically able opinion of MILLER, J., in *Von Au* v. *Magenheimer, supra,* p. 268.)

Obviously, a wrongful withholding or taking or dissipation of corporate assets may be accompanied by false information tending to depreciate the value of the stock. For example, the publication of a balance sheet or income statement which is false because it omits assets or income which officers or directors wrongfully have appropriated to themselves, or because it includes as liabilities or disbursements such things as excessive salaries or personal obligations of officers or directors, is the dissemination of false information. In such cases, however, the real wrong is the wrongful appropriation of the corporate property, the false information being only an incident, and hence the wrong is to the corporation and must be redressed by it or on its behalf. Suits by individual stockholders in their own right thus must be confined, as above stated, to cases of false information not involving a wrongful withholding or taking or dissipation of corporate assets or interference with corporate business.

The question remains, however, whether depreciation resulting from false information disseminated by third persons is actionable at all. In *General Rubber Co.* v. *Benedict, Von Au* v. *Magenheimer, Hammer* v. *Werner,* and *Walsham* v. *Stainton (supra)* the parties sued were officers and directors of the corporation, and the illustration put by MILLER, J., in *Von Au* v. *Magenheimer (supra,* p. 268) is confined to false rumors circulated by directors. In *Ritchie* v. *McMullen* and *Kono* v. *Roeth (supra)* the parties stood in the relation of pledgor and pledgee and liability was there apparently based upon a breach of that fiduciary relation. I think, however, that those cases are merely illustrations of the broader rule that any breach of duty plus ensuing damage will give rise to liability. In *Adams* v. *Clark (supra)* third persons were included among those sued, and the Restatement of the Law of Torts (§§ 626, 627, 628) extends liability for disparagement to all persons in general, except where privilege exists. I gravely doubt whether third persons, *i. e.,* those not bearing any contractual or fiduciary relationship to the stockholder, could be held liable for false information merely negligently disseminated (Compare *Ultramares Corp.* v. *Touche,* 255 N. Y. 170), but I think they certainly may be held for false information knowingly and willfully disseminated. A property owner, for instance, owes no duty of due care to trespassers and is not liable to them for mere negligence. A property owner, however,

is under an obligation to refrain from willful or intentional injury even to trespassers, and that principle runs through the whole law of torts. I think, therefore, that if one willfully disseminate false information respecting the property or business or management of a corporation he is liable to the stockholders of that corporation for such damages as they suffer as a proximate result thereof.

The moving defendants argue that an action for disseminating false information is in the nature of an action for slander of title or disparagement of goods and will not lie unless the owner of the property so disparaged has either sold the property or has lost a particular sale, and that the complaint here is insufficient because it contains no allegation of either. I do not think any case warrants that extreme view, and to my mind it is unsound, unjust and illogical. It is equivalent to saying that if disparagement occur when an owner has no present intention of selling and is so great and successful as to make the stock unsalable, the very success of the wrong gives the wrongdoers complete immunity. What the cases relied upon hold is that special damage is an essential part of the cause of action, and if an actual sale at a depreciated price or the loss of a particular sale be the special damage relied upon, then such sale or loss of sale must be pleaded; and that is far from saying that those are the only kinds of special damage for which recovery can be had. In *Ritchie* v. *McMullen (supra,* p. 535) the measure of damages is stated to be " the difference between the market value now and what it would have been had not this conspiracy been set on foot, and had the wrongful acts in pursuance of it not been done." In *Kono* v. *Roeth (supra)* the allegation as to damage was that the stock in question had been worth $40,000 and had been rendered worthless, and the complaint there was sustained. The complaint here states that the shares had a market value in excess of $10 and that by reason of the acts complained of they " have been rendered practically valueless and have become unsalable in the market to the direct damage of the plaintiff in the sum of $600,000 " and I think that is sufficient upon a motion to dismiss.

It is also urged that, under the analogy to actions for slander or libel, the complaint should set forth " the exact words of disparagement." I think that is pressing the analogy entirely too far. The substantive wrong here complained of is the depreciation of the stock and that is alleged to have been accomplished by acts as well as words. The exact words used are not in themselves the essence of the cause of action. To take defendants' view inevitably would necessitate cluttering up the pleading with a mass of evidentiary matter.

Criticism is also made that many of the allegations of the complaint are mere conclusions. In some respects the criticism may be well founded, but that is not a ground for dismissing the complaint so long as facts constituting a cause of action are alleged.

The plaintiff may be wholly unable to prove what it alleges. Defendants may have a perfect defense upon the facts or upon the law. But under the facts as alleged it cannot be held as matter of law that no cause of action is stated.

While I thus reach the conclusion that the complaint here alleges facts sufficient to constitute a cause of action I find also that it contains additional allegations not appropriate to the cause of action so alleged, viz., the allegations respecting waste of corporate assets and interference with the business of the corporation, and this is not a case in which those additional allegations can be disregarded as mere surplusage. To allow them to remain in the complaint is to allow an individual stockholder to sue with respect to wrongs which I hold are wrongs to the corporation and redressable only in a suit by it or on its behalf. Solely upon that ground, therefore, the motion to dismiss the complaint is granted, but with leave to the plaintiff to serve an amended complaint within twenty days upon payment of taxable costs to date and ten dollars costs of motion.

If the plaintiff avail itself of this permission to amend, consideration can then be given to whether or not as a matter of discretion further proceedings in this action should be stayed until there is a final determination of the other action mentioned in the moving papers if defendants see fit to move for such a stay upon proper papers after the amended complaint has been served. (See *Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242.)